**Joel A. and Elaine B. LUTZ, Petitioners-Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

No. 77–1245.

United States Court of Appeals, Sixth Circuit.

Feb. 22, 1979.

David Lieberman, Sommers, Schwartz, Silver, Schwartz & Tyler, Southfield, Mich., Clyde Pritchard, Detroit, Mich., for petitioners-appellants.

Myron C. Baum, Acting Asst. Atty. Gen., Tax Division, U.S. Dept. of Justice, Washington, D.C., Gilbert E. Andrews, Ann Belanger Durney, William A. Whitledge, Meade Whitaker, Chief Counsel, Internal Revenue Service, Washington, D.C., for respondent-appellee.

ORDER

Before WEICK and KEITH, Circuit Judges, and HOGAN,* District Judge.

This case concerns the issue of whether the appellant taxpayers properly deducted the sum of $62,716 as a casualty loss resulting from the 1968 flooding of their home. The IRS claimed that the actual loss was under $20,000 and assessed a deficiency. The factual issues were joined at trial before the tax court. The tax court judge concluded that the actual deductible loss was $27,500. Taxpayers appealed.

The taxpayers claim that it was an abuse of discretion for the tax court judge to have denied their motion for a new trial. Taxpayers' motion for a new trial was based on an affidavit submitted by counsel, the accuracy of which has not been disputed by the government.

At trial, taxpayers introduced the testimony of various witness, together with supporting documents to substantiate their claim that the damage to their home was as great as they had stated. The government relied upon the testimony of one witness and an engineering report which he had prepared. While the government was presenting its case through its witness, the judge recessed the hearing and called counsel into chambers. The judge told counsel that the government witness was "terrible" and that if that was the extent of the government's case, it should concede. The government did not concede, but finished presenting the witness' testimony.

Surprisingly, the judge followed up by ruling largely in the government's favor in an opinion asserting that the government witness was "thoroughly credible" and that

---

* Honorable Timothy S. Hogan, United States District Judge for the Southern District of Ohio, Western Division, sitting by designation.

the judge was "impressed by the extent and thoroughness of his investigation." Taxpayers' post-trial motion for a new trial stated that, relying upon the judge's in-chambers statements, they thought that they had the case won. As a result, they claim that they did not bother to call additional witnesses to rebut the government witness' testimony, nor conduct an extensive cross-examination of the witness nor conduct extensive post-trial briefing.

Although the issue is not free from doubt, we think that the fairest course of action to take is to reverse and remand for a new trial. We can readily perceive how counsel would "let up" after being all but told that he was going to win. The heavily factual nature of the issues presented and the need to fully assess conflicting expert testimony in this case illustrate the need for a new trial.

Reversed and remanded for a new trial.

WEICK, J., dissents.