In re Martin S. & Corrine TOCCI, Debtors.

APPLIANCE BUYERS CREDIT CORPORATION, Plaintiff,

v.

Martin S. & Corrine TOCCI, Defendants.

Bankruptcy No. 83–01158–BKC–TCB. Adv. No. 83–0766–BKC–TCB–A.

United States Bankruptcy Court, S.D. Florida.

Dec. 14, 1983.

Scott A. Silver, Miami, Fla., for plaintiff.

Robert C. Furr, Boca Raton, Fla., for defendants.

ORDER AMENDING JUDGMENT

THOMAS C. BRITTON, Bankruptcy Judge.

The debtors' timely motion for rehearing (C.P. Nos. 11, 14) addressed to the Judgment of October 24 (C.P. No. 13) was heard on October 29. The motion is granted. The Judgment is amended, 34 B.R. 66, to substitute for the fourth paragraph the following:

> "The complaint to except plaintiff's judgment of June 13, 1983 is also dismissed with prejudice."

As is clear from the Memorandum Decision (C.P. No. 12) the Judgment of October 24 was based upon a finding that:

> "the corporation agreed to hold in trust the proceeds from the sale of the merchandise"

and upon the holding in *John P. Maguire & Co. v. Herzog*, 421 F.2d 419, 420 (5th Cir. 1970), which is binding upon me.

The debtors dispute the finding and argue that there was no agreement to hold the proceeds in trust. I disagree. The Inventory Financing Agreement (P's Ex. 1, para. 5c) provides a floorplan arrangement as described in *Herzog*. The court held that arrangement to be a fiduciary obligation and the absence of any more formalized trust agreement is not a basis for distinguishing *Herzog* here.

However, I also concluded:

> "Unlike the Herzog case, there is no evidence here that the debtor was secondarily liable to any of the creditors paid with money diverted from the sale of merchandise financed by plaintiff. That factual difference does not require a different conclusion."

I am persuaded by the debtors' argument and by a review of *Herzog* that the factual difference is crucial and does require a different conclusion.

The foregoing amendment to the judgment renders moot plaintiff's motion to assess costs (C.P. No. 15) which was also heard on October 29. That motion is, therefore, denied.