**In re William E. DAUTERMAN and Gloria Dauterman, Debtors.**

**WESTERN SURETY COMPANY, Plaintiff,**

v.

**William E. DAUTERMAN, et al., Defendants.**

**Bankruptcy No. 92–3225.**

**No. 87–02387–S.**

United States Bankruptcy Court, N.D. Ohio, W.D.

April 6, 1993.

**977**

Thomas W. Heintschel, Toledo, OH, for plaintiff.

Maria Quinto–Buchanan, Toledo, OH, for defendants.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court upon Plaintiff's Motion for Summary Judgment, Memorandum in Support, and Reply; and Defendants' Memorandum in Opposition. The Court has reviewed the written arguments of counsel, transcripts, supporting affidavits, and exhibits, as well as the entire record in the case. Based upon that review, and for the following reasons, the Plaintiff's judgment against Defendants, offset by any payments made to Plaintiff under the Amended Chapter 13 Plan, is Nondischargeable. Plaintiff's Motion for Summary is therefore Granted.

### FACTS

In 1981, William and Gloria Dauterman (hereafter "Defendants") were appointed co-guardians of Jo Lynn Dauterman and her estate. Jo Lynn Dauterman's estate had an initial value of Eighteen Thousand One Hundred Sixty Nine and 54/100 Dollars ($18,169.54). In their capacity as co-guardians, Defendants obtained a bond through Western Surety (hereafter "Plaintiff") in the amount of Fifty Five Thousand and 00/100 Dollars ($55,000.00).

Defendants spent the proceeds from the ward's estate for their personal expenses and consequently, Jo Lynn Dauterman sued Plaintiff. Plaintiff compromised and settled Jo Lynn Dauterman's claim for Twenty Two Thousand and 00/100 Dollars ($22,000.00). Subsequently, Plaintiff obtained judgment against Defendants, joint and severally, for Twenty Two Thousand and 00/100 Dollars ($22,000.00) at eight percent (8%) interest plus the costs of the lawsuit.

Defendants filed a Chapter 7 Petition in Bankruptcy on October 16, 1987. The Chapter 7 proceeding was converted to a Chapter 13 case on January 13, 1988. Plaintiff filed an amended Proof of Claim on May 19, 1988 for Twenty Seven Thousand Eight Hundred Thirty Nine and 34/100 Dollars ($27,839.34). Under the initial Chapter 13 Plan, Defendants agreed to pay Plaintiff sixty percent (60%) of its claim. On August 28, 1990, this Court approved a modification to the Chapter 13 Plan, reducing Plaintiff's recovery to forty one percent (41%) of its Amended Claim or Eleven Thousand Four Hundred Fourteen and 13/100 Dollars ($11,414.13).

Although Defendants failed to complete all payments under the Chapter 13 Plan, their discharge was granted on June 10, 1992 pursuant to 11 U.S.C. § 1328(b). On September 28, 1990, the Chapter 13 Trustee reported that the balance due on the Plaintiff's claim was Two Thousand Eight Hundred Fifty Nine and 50/100 Dollars ($2,859.50). On June 1, 1992, Plaintiff initiated a Complaint to Determine the Dischargeability of Defendants' indebtedness on the judgment. Defendants filed their Answer and Plaintiff subsequently filed a Motion for Summary Judgment and Memorandum in Support. Defendants filed a Memorandum in Opposition and Plaintiff filed a Reply. The underlying Chapter 13 case was closed on January 5, 1993.

### LAW

**11 U.S.C. § 1328**

**§ 1328. Discharge.**

(b) At any time after the confirmation of the plan and after notice and a hearing, the court may grant a discharge to a debtor that has not completed payments under the plan only if—

(1) the debtor's failure to complete such payments is due to circumstances for which the debtor should not justly be accountable;

(2) the value, as of the effective date of the plan, of property actually distributed under the plan on account of each allowed unsecured claim is not less than the amount that would have been paid on such claim if the estate of the debtor had been liquidated under chapter 7 of this title on such date; and

(3) modification of the plan under section 1329 of this title is not practicable.

(c) A discharge granted under subsection (b) of this section discharges the debtor from all unsecured debts provided for by the plan or disallowed under section 502 of this title, except any debt—

(1) provided for under section 1322(b)(5) of this title; or

(2) of a kind specified in section 523(a) of this title.

## 11 U.S.C. § 523

### § 523. Exceptions to Discharge.

(a) A discharge under section 727, 1141, 1128(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny.

## DISCUSSION

### I. CORE PROCEEDING.

The main issue before this Court is the dischargeability of Plaintiff's judgment against Defendants. The determination as to the dischargeability of particular debts is a core proceeding under 11 U.S.C. § 157(b)(2)(I).

### II. STANDARD FOR SUMMARY JUDGMENT.

Under Rule 56 of the Federal Rules of Civil Procedure and Bankruptcy Rule 7056, summary judgment will be granted when the movant can demonstrate that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The movant must be able to demonstrate all elements of the cause of action in order to prevail. *R.E. Cruise, Inc. v. Bruggeman,* 508 F.2d 415, 416 (6th Cir. 1975). A Motion for Summary Judgment must be construed in the light most favorable to the party opposing the Motion. *In re Weitzel,* 72 B.R. 253, 256 (quoting *In re Sostarich,* 53 B.R. 27 (Bankr.W.D.Ky. 1985)).

Plaintiff argues that summary judgment should be granted for the reason that De-

fendants embezzled and converted the ward's funds for their own purposes. Defendants' acts violated the fiduciary duty imposed upon them by Ohio guardianship law and therefore their entire indebtedness to Plaintiff is nondischargeable under 11 U.S.C. § 523(a)(4). Plaintiff also charges that Defendants' acts were willful and malicious, causing injury to Jo Lynn Dauterman. Under 11 U.S.C. § 523(a)(6), these willful and malicious acts which result in injury to an entity are the basis for a determination that Defendants' debt is nondischargeable. According to Plaintiff, the aforementioned issues were previously adjudicated in state court. Defendants are collaterally estopped from relitigating the basis for Plaintiff's claim.

In opposition, Defendants assert that since fraudulent intent was never raised as an issue in state court, Plaintiff's collateral estoppel argument is vitiated. Further, Defendants argue that there was never a finding made in the state court that their acts were willful or malicious. Without a finding or proof of willful and malicious acts, Plaintiff's argument that the judgment is nondischargeable under 11 U.S.C. § 523(a)(6) is equally inconsequential. In the alternative, Defendants argue that if the indebtedness owed to Plaintiffs is deemed nondischargeable, Defendants' liability is limited to the amount due under the Chapter 13 Plan. Defendants argue that they should not be responsible for the entire amount of Plaintiff's amended claim.

### III. DISCHARGEABILITY BASED UPON 11 U.S.C. § 523(a)(6).

To succeed under 11 U.S.C. § 523(a)(6), Plaintiff must prove that the injury to the ward's property was the result of Defendants' willful and malicious acts. Neither "willful" nor "malicious" is defined under the Bankruptcy Code. However, the Court in *Perkins v. Scharffe,* 817 F.2d 392 (6th Cir.1987) *cert. denied* 484 U.S. 853, 108 S.Ct. 156, 98 L.Ed.2d 112 (1987) defines "willful and malicious" as a wrongful act done intentionally and without just cause, which necessarily leads to injury.

In the instant case, the transcribed record of Defendant William Dauterman's testimony alone proves that Defendants' acts in spending Jo Lynn Dauterman's money for their own purposes were wrongful and that their acts caused injury to Jo Lynn Dauterman. There is even a scintilla of evidence that the Defendants were without just cause for spending Jo Lynn Dauterman's entire estate. There is no evidence, however, that Defendants' acts in spending Jo Lynn Dauterman's entire estate were done willfully, maliciously or intentionally. When all of the evidence is construed in a light most favorable to Defendants, summary judgment cannot be granted to Plaintiff under 11 U.S.C. § 523(a)(6).

## IV. DISCHARGEABILITY BASED UPON 11 U.S.C. § 523(a)(4).

Under § 523(a)(4) of the Bankruptcy Code, debts created by the bankrupt's fraud, defalcation, embezzlement, or larceny while acting as an officer or in any fiduciary capacity are not dischargeable in bankruptcy. To establish the nondischargeability of a debt under 11 U.S.C. § 523(a)(4), the following must coexist: the establishment of an express trust status; a party in trust acting in a fiduciary capacity; and a breach of the relationship by at least "defalcation" of funds. *In re Interstate Agency, Inc.,* 760 F.2d 121 (6th Cir.1985). The question of who is a fiduciary for purposes of § 523 is one of federal law. The nature of the legal interests is subject to state law. *In re Interstate Agency, Inc., id,* at 124. The term "fiduciary" applies to express or technical trusts, not constructive or implied trusts created by operation of law or matter of equity. *In re Interstate Agency, id,* at 124 (quoting *Davis v. Aetna Acceptance Co.,* 293 U.S. 328, 333, 55 S.Ct. 151, 153, 79 L.Ed. 393 (1934)).

Ohio law as used in governing matters relevant to the Probate Division of the Court of Common Pleas for the appointment of guardians, is dispositive in the case at bar to show the existence of a trust relationship. The definition of fiduciary, epitomizing the guardian/ward relationship established between Defendants and Jo Lynn Dauterman, is defined under Ohio Revised Code § 2109.01 as follows:

> "as any person, other than an assignee or trustee for an insolvent debtor or a guardian under the Veterans' Guardianship Law, appointed by and accountable to the Probate Division Court of the Common Pleas and acting in a fiduciary capacity for any person, ... or charged with duties in relation to any property, interest, trust or estate for the benefit of another."

It is uncontroverted that 1) Defendants and the ward had an express trust relationship; 2) Defendants were appointed by the court to act in a fiduciary capacity; and 3) Defendants breached the fiduciary relationship. The issues left for determination by this Court are twofold. First, does the breach of the fiduciary relationship rise at least to the level of defalcation, thereby making it nondischargeable? Second, if Plaintiff's claim is nondischargeable, is the entire amount of Plaintiff's judgment against Defendant nondischargeable or only the amount due under the Chapter 13 Amended Plan?

Defalcation is defined as encompassing embezzlement; the misappropriation of trust funds held in any fiduciary capacity; and the failure to properly account for such funds. *In re Anderson,* 64 B.R. 331 (Bkrtcy.N.D.Ill.1986). Congress failed to include within the definition of defalcation a requisite mental element or some reference to intentional or bad defalcation. *United States v. Turkette,* 452 U.S. 576, 581, 101 S.Ct. 2524, 2527, 69 L.Ed.2d 246 (1981). Consequently, such wrongdoing under 11 U.S.C. § 523(a)(4) does not have to be intentional. *In re Interstate Agency, supra,* at 125 (quoting *Carey Lumber Company v. Bell,* 615 F.2d 370 (5th Cir.1980)).

The record is replete with Defendant William Dauterman's testimony that Jo Lynn Dauterman's estate was misappropriated without proper accounting. Defendants placed Twelve Thousand and 00/100

Dollars ($12,000.00) in a six (6) month money market certificate on May 14, 1981 in their names as guardian of Jo Lynn Dauterman. Upon maturity, Six Thousand and 00/100 Dollars ($6,000.00) was placed in a new certificate and the remaining Six Thousand and 00/100 Dollars ($6,000.00) was used to retire Defendants' personal loans. Approximately Twenty Five Hundred and 00/100 Dollars ($2,500.00) of Jo Lynn Dauterman's account was used to repay a third party who had loaned money to Defendants for the downpayment on their condominium. Defendants also spent Jo Lynn Dauterman's money for the purchase of new appliances and furniture. Defendants reimbursed themselves from the account for any monies advanced to Jo Lynn from their personal finances. Eventually, the account balance was reduced to zero. Based upon this evidence, this Court finds that Defendants' breach of duty rises at least to the level of defalcation. Debts arising out of defalcation while acting in a fiduciary capacity are exceptions to discharge under 11 U.S.C. § 523(a)(4).

The ancillary issue to the determination of dischargeability, is the Court's determination regarding which of the following is excepted from discharge: the entire amount due under the Amended Proof of Claim offset by the payments made under the Chapter 13 Amended Plan or the balance due under the Chapter 13 Amended Plan. Defendants argue that the amount of the debt which is nondischargeable is limited to the balance due under the Chapter 13 Amended Plan. Plaintiff argues that since Defendants' acts were willful, the entire amount of its claim should be deemed nondischargeable.

A hardship discharge granted under 11 U.S.C. § 1328(b) relieves the debtor from liability for all unsecured debts provided for by the plan or disallowed under 11 U.S.C. § 502. A hardship discharge granted under section 1328(b) does not discharge debts rendered nondischargeable under 11 U.S.C. § 523(a).

The plain language of 11 U.S.C. § 523 suggests that dischargeability is an "all or nothing" proposition. *Birmingham Trust Nat. Bank v. Case,* 755 F.2d 1474 (11th Cir.1985). The statute refers to the debt and not a portion of the debt. Debt is defined under 11 U.S.C. § 101(12) as a liability on a claim. Claim is defined under 11 under 11 U.S.C. § 101(5) as follows:

(A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or

(B) right to an equitable remedy for breach of performance if such breach gives rise to a right of payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured;

Bankruptcy laws are designed to provide relief to the honest but unfortunate debtor. *Birmingham Trust Nat. Bank v. Case, id,* at 1477, (quoting *Brown v. Felsen,* 442 U.S. 127, 128, 99 S.Ct. 2205, 2207, 60 L.Ed.2d 767 (1979)). The exceptions to discharge were created to discourage fraudulent conduct and ensure that the relief intended for honest debtors does not inure to the benefit of dishonest ones. *Birmingham Trust Nat. Bank v. Case, id,* at 1477, (quoting *In re Wilson,* 12 B.R. 363, 370 (Bankr.M.D.Tenn.1981)).

In the case at bar, this Court finds that Defendants' conduct in misappropriating Jo Lynn Dauterman's funds in their fiduciary capacity is not conduct which the bankruptcy laws were designed to reward. In fact, the exceptions to discharge tend to punish the dishonest debtor, requiring recompense in accordance with the actual loss sustained. This Court is not convinced that Plaintiff suffered loss only to the extent of the amount due under the Amended Chapter 13 Plan. Plaintiff's right to payment should be measured by the actual damage suffered. The actual damage suffered by Plaintiff is equivalent to the total sum of money paid to Jo Lynn Dauterman as a result of Defendants' misfeasance. Defendants' conduct justifies an order mandating that they compensate Plaintiff by paying

982

the entire amount of the amended claim, minus any payments made pursuant to both the Chapter 13 Plan and the Amended Chapter 13 Plan. Under 11 U.S.C. § 523(a)(4), the resultant indebtedness is nondischargeable.

In reaching the conclusion found herein, the Court has considered all of the evidence, including the exhibits, transcripts and arguments of counsel, regardless of whether or not they are specifically referred to in this opinion.

Accordingly, it is

**ORDERED** that Plaintiff's Motion for Summary Judgment be, and hereby, is **GRANTED.**

It is **FURTHER ORDERED** that the result of Plaintiff's amended claim offset by all payments made by Defendants under the Chapter 13 Plan and the Amended Chapter 13 Plan be, and hereby is **NON-DISCHARGEABLE.**