**In the Matter of Gale H.
TOUCHSTONE,
Debtor.**

**TRICENTROL OVERSEAS, LTD.,
and Tricentrol Oil Trading,
Inc., Plaintiffs,**

**v.**

**Gale H. TOUCHSTONE, Defendant.**

**Bankruptcy No. 92–30100–BKC–RAM.
Adv. No. 92–0276–BKC–RAM.**

United States Bankruptcy Court,
S.D. Florida.

May 10, 1993.

William H. Kiekhoffer, III, Kelley, Drye & Warren, Los Angeles, CA, for defendant.

Edward A. Marod, West Palm Beach, FL, for plaintiffs.

### SUPPLEMENTAL MEMORANDUM OPINION DENYING REHEARING AND CLARIFYING PRIOR MEMORANDUM OPINION

ROBERT A. MARK, Bankruptcy Judge.

On March 31, 1993, the Court held a hearing on the Motion for Rehearing, Reconsideration or Clarification (the "Motion") submitted by defendant Gale H. Touchstone ("Debtor" or "Touchstone") with respect to the "Memorandum Opinion on Plaintiff's Motion for Summary Judgment", 149 B.R. 721, dated January 29, 1993 (the "Prior Opinion"), and the Final Judgment entered by the Court on February 2, 1993. This opinion sets forth the Court's ruling on the Motion.

## I.

### INTRODUCTION

The Motion relates only to the holding set forth in Part III.B. of the Prior Opinion, 149 B.R. at 727–28, in which the Court held that Debtor was acting in a fiduciary capacity to Tricentrol Oil Trading, Inc. ("TOTI") such that the jury award of $146,-000 of punitive damages against the Debtor in the Texas Action (as defined in the Prior Opinion) for intentional breach of fiduciary duty was nondischargeable under section 523(a)(4). Debtor does not challenge any of the other findings or conclusions set forth in the Prior Opinion, and this Supplemental Opinion does not disturb any of those Findings of Fact and Conclusion of Law.

For the reasons set forth below, the Motion is denied. However, the Prior Opinion is clarified as set forth in this opinion, and to the extent that the Prior Opinion is inconsistent with this opinion, this opinion shall supercede such inconsistent portions of the Prior Opinion.

## II.

### ANALYSIS

The case of *LSP Investment Partnership v. Bennett (In re Bennett),* 970 F.2d 138, 142–143 (5th Cir.1992), sets forth a two-prong test for sufficient fiduciary capacity to support a finding of nondischargeability under Section 523(a)(4): (1) the trust obligation giving rise to the fiduciary obligations must grow out of an "express" or "technical" trust[1]; and (2) the trust giving rise to the fiduciary obligations must be imposed prior to any wrongdoing and without any reference to the wrongdoing. The Prior Opinion discussed in detail the Court's finding that the

---

1. Technical trusts include relationships by which fiduciary obligations are imposed pursuant to statute or common law.

second prong of the *Bennett* test was met in this case.

In the Motion, Debtor maintains that the first prong of the *Bennett* test was not met in the Prior Opinion in that the judgment in the Texas Action was not based on his breach of a "technical" or "express" trust under the *Bennett* rule. Debtor argues that the judgment and appellate opinions in the Texas Action held that he was merely the trustee of a "resulting" trust for TOTI concerning its property: the New York Mercantile Exchange Seats (the "Seats") paid for by TOTI and placed in his name. Debtor further argues that a resulting trust does not meet the requirements of the first prong of the *Bennett* test. He then analogizes the resulting trust to a constructive trust, which is not sufficient to create a fiduciary relationship for purposes of the discharge provisions of the Bankruptcy Code. *Bennett*, 970 F.2d at 143.

 The Court finds Debtor's argument unconvincing. Debtor was not merely a constructive trustee for the Seats, he was also an officer of TOTI. At the time he took title to the Seats, he was vice president of TOTI and thereafter he ascended to its presidency. That Touchstone became a trustee over the Seats while acting in a fiduciary capacity as an officer of TOTI is manifest in the record of the Texas Action. That is readily apparent from the instructions to and findings by the jury in rendering the verdict in the Texas Action, the relevant portions of which are set forth below:

### QUESTION NO. 6

Do you find from a preponderance of the evidence that Touchstone breached his fiduciary duty to TOTI?

You are instructed that directors and officers of a corporation have a fiduciary duty to that company. They must act fairly and honestly. You are further instructed that officers and directors cannot exercise their powers to further their own personal interests at the expense of a corporation. They have no right to appropriate corporate property for their

own benefit. Instead, they must act with candor, unselfishness, and good faith.

You are instructed that an officer or director is interested in a transaction if he stands to gain a personal financial benefit from it. If an officer stands to benefit from a transaction, the transaction must be inherently fair to the corporation.

Answer "we do" or "we do not."

ANSWER: We do.

If you have answered Question No. 6, "we do," and only in that event, then answer:

### QUESTION NO. 7

Do you find from a preponderance of the evidence that Touchstone's breach of fiduciary duty was the proximate cause of injury to TOTI, if any?

Answer "we do" or "we do not."

ANSWER: We do.

If you have answered Question No. 7, "we do," and only in that event, then answer:

\* \* \* \* \* \*

### QUESTION NO. 9

Do you find from a preponderance of the evidence that Touchstone's breach of fiduciary duty was committed intentionally?

Answer "we do" or "we do not."

ANSWER: We do.

If you have answered Question No. 9, "we do," and only in that event, then answer:

### QUESTION NO. 10

What sum of money, if any, do you find from a preponderance of the evidence should be awarded to TOTI as punitive damages, if any, against Touchstone for his breach of fiduciary duty?

You are instructed that punitive damages may be assessed against a party who has breached his fiduciary duty by attempting to obtain a secret profit or benefit for himself.

You are instructed that punitive damages are an amount that you may, in your discretion, award as an example to others and as a penalty or punishment. Punitive damages are in addition to any actual damages that you may have found. Their purposes is not to compensate the injured party, but to punish the person who caused the injury and use the punishment as an example to deter others from committing similar acts. You are further instructed that in awarding punitive damages, you may take into account such things as the injured party's inconvenience, the defendant's net worth, and other elements that may be too remote to be considered elements of strict compensation.

Answer in dollars and cents, if any.
ANSWER: $146,000.

As the above excerpts indicate, the jury found that Touchstone had used his powers to further his personal interests at the expense of TOTI and thereby breached his fiduciary duty to refrain from appropriating corporate property for his own benefit. The jury further found that such conduct was intentional and awarded punitive damages on the basis of an instruction that required a finding that Touchstone breached his fiduciary duty by attempting to obtain a secret profit or benefit for himself.

In considering the breach of fiduciary duty on remand from the Texas Supreme Court, the Texas Court of Appeals held squarely that:

Touchstone breached his duty as a corporate officer by attempting to appropriate corporate property for his own financial benefit, and he breached his duty as a trustee of corporate property by refusing to carry out TOTI's demands as beneficiary of the trust property.

*Annesley v. Tricentrol Oil Trading, Inc.*, 841 S.W.2d 908, 910 (Tex.Ct.App.1992).

Thus, the findings of the jury and the holding of the Texas Court of Appeals both indicate that a trust obligation was imposed on Touchstone as a corporate officer at the time the Seats were placed in his name and, after the imposition of such obligation, that he breached his fiduciary duties to TOTI by appropriating the Seats for his personal benefit.

■ Applicable case law authority also indicates that the fiduciary duty of a corporate officer to a corporation with regard to corporate property constitutes a technical rather than an implied or constructive trust. Under the Texas common law applicable to TOTI, a Texas corporation, an officer is uncontrovertibly a fiduciary of the corporation, and is charged with fiduciary duties over corporate property. *E.g., International Bankers Life Ins. Co. v. Holloway*, 368 S.W.2d 567, 576–77 (Tex.1963); *Thywissen v. Cron*, 781 S.W.2d 682, 685 (Tex.Ct.App.1989); *Imperial Group (Texas), Inc. v. Scholnick*, 709 S.W.2d 358, 363 (Tex.Ct.App.1986); and *Cardwell v. Wilson Trophy Company of Fort Worth–Dallas, Inc.*, 622 S.W.2d 651, 652 (Tex.Ct.App. 1981).

The federal circuit in which Texas lies has also held that corporate officers act in a fiduciary capacity with regard to corporate property. *Bennett* itself relies on *Moreno v. Ashworth (Matter of Moreno)*, 892 F.2d 417, 421 (5th Cir.1990). *Bennett* characterizes *Moreno* as holding that:

because the debtor had entered into certain self-dealing transactions while an officer of the corporation, the debts arising from these transactions were not dischargeable under the provisions of 11 U.S.C. § 523(a)(4).

*Bennett*, 970 F.2d at 143. Here, Debtor's conduct parallels that of the debtor in *Moreno*. In *Moreno*, the debtor, the president of a company, directed the transfer of the company's funds to himself and corporations which he controlled, did not execute notes or other loan documentation and did not repay such transfers. Here, Debtor took title to the Seats, did not account for the Seats to TOTI upon his departure and refused to transfer the Seats back to TOTI when TOTI so requested. Thus, Debtor occupied his position as a trustee of the Seats as a consequence of his fiduciary duties as an officer of TOTI.

Accordingly, under the totality of the circumstances, and considering both Touchstone's status of a corporate officer of

TOTI and his status as a resulting trustee of TOTI concerning the Seats, the fiduciary capacity requirement of § 523(a)(4) has been met.[2]

## III.

### *CONCLUSION*

The Court concludes that the combination of Debtor's fiduciary duties as an officer of TOTI and as resulting trustee for the Seats, together with the findings set forth in the jury verdict and appellate court decisions in the Texas Action and discussed herein and in the Prior Opinion, establish that both prongs of the *Bennett* test were met and compels the conclusion that the punitive damage award against debtor for $146,000 in the Texas Action is nondischargeable under section 523(a)(4). This Supplemental Memorandum Opinion shall constitute the Court's order and finding of facts and conclusions of law.

---

**2.** The facts of this case therefore distinguish it from the following cases which Debtor cites in support of his own cause. Unlike the relationship between the entities in *Chapman v. Forsyth,* 43 U.S. (2 How.) 202, 11 L.Ed. 236 (1844) (debtor creditor relationship between purchaser and seller of 150 bales of cotton), in *Davis v. Aetna Acceptance Co.,* 293 U.S. 328, 55 S.Ct. 151, 79 L.Ed. 393 (1934) (debtor creditor relationship between a car dealer and finance company) and in *Angelle v. Reed (Matter of Angelle),* 610 F.2d 1335 (5th Cir.1980) (debtor creditor relationship between home contractor and home purchaser), the relationship between TOTI and Debtor at the time the Seats were purchased was between an officer and the corporation he served. Under Texas law as determined, *inter alia,* in the Texas appellate decisions in the Texas Action, in *Moreno* and in *In re Jackson,* 141 B.R. 909 (Bankr. N.D.Tex.1992), a technical trust exists between corporate officers and corporations under Texas law. *Chapman, Davis* and *Angelle* are therefore inapposite in that the relationship in such cases arose solely out of the contract creating the underlying debt and did not involve a separate and independent source of fiduciary responsibility.