Geraldine **JOHNSON**, Plaintiff–Appellee,

v.

Barry **WOLDMAN**, Defendant–Appellant.

No. 92 C 8254.

United States District Court,
N.D. Illinois, E.D.

Sept. 14, 1993.

George Julian Van Emden, Van Emden, Busch & Van Emden, Chicago, IL, for appellant.

Joseph Wrobel, Chicago, IL, for appellee.

### MEMORANDUM OPINION AND ORDER

ANN CLAIRE WILLIAMS, District Judge.

Plaintiff Geraldine Johnson ("Johnson"), as assignee of Robert J. Nye ("Nye"), sued defendant Barry Woldman ("Woldman") to recover attorney's fees allegedly due to Nye. Subsequently, Woldman filed for bankruptcy under Chapter 7 of the Bankruptcy Code. Johnson filed an adversary complaint arguing that her claim was non-dischargeable under 11 U.S.C. § 523(a)(4) ("§ 523(a)(4)") because Woldman committed a defalcation while occupying a fiduciary relationship with Nye. The case proceeded to trial. At the end of plaintiff's evidence, Bankruptcy Judge Susan Sonderby granted a directed verdict in Woldman's favor. This matter is before the court on Johnson's appeal of that decision. For the reasons explained below, the Bankruptcy Court's decision is affirmed.

## Background

In 1988, Johnson, as assignee, brought suit against Woldman in the Circuit Court of Cook County, Illinois to recover attorney's fees allegedly due Nye. On November 3, 1989, defendant filed for Chapter 7 relief under the Bankruptcy Code. On November 20, 1989, plaintiff filed a claim for $53,233.97 in the bankruptcy case. (R. 12–15).[1]

On December 11, 1989, Johnson filed an adversary complaint alleging that as joint venturers, Nye and Woldman had an agreement to equally share fees in a case entitled, *Herman Jones v. Wisconsin Steel Co.* (*"Jones* case"). (R. 16–22). Although Woldman received $45,000 in attorney's fees in the *Jones* case, plaintiff claimed that Woldman failed to pay half to Nye. Consequently, plaintiff maintained that her claim was non-dischargeable under § 523(a)(4) because Woldman committed a defalcation while occupying a fiduciary relationship with Nye.

In a November 6, 1990 Memorandum Opinion, Bankruptcy Judge Sonderby denied Woldman's motion to dismiss the adversary complaint. (R. 42–48). Taking the pleadings in the light most favorable to Johnson, the Bankruptcy Judge concluded that Johnson might be able to prove a set of facts showing that Woldman and Nye were joint venturers. The Bankruptcy Court also held that Johnson had standing to bring the action because, as assignee, Johnson would stand in the shoes of Nye. (R. 47).

Subsequently, plaintiff's amended motion for summary judgment was granted in part, and denied in part in an April 24, 1992 Memorandum Opinion. (R. 128–134). Significantly, Bankruptcy Judge Sonderby found that the assignment was executed for valid consideration, but determined that there was still a genuine issue of fact as to whether Nye and Woldman were joint venturers in the *Jones* case. (R. 134).

On September 15, 1992, the case proceeded to trial. Plaintiff's evidence focused on showing that the parties had agreed to a joint venture[2] in the *Jones* case, and that Nye had contributed in accordance with the agreement. At the end of plaintiff's case, Woldman moved for a directed verdict. After a brief recess, Bankruptcy Judge Sonderby granted defendant's motion in a lengthy oral ruling. (September 15, 1992 Transcript of Proceedings ("Sept. Tr."), 77–82). Specifically, the Bankruptcy Judge found that Nye and Woldman were joint venturers, but held that such a relationship was not a fiduciary relationship within the meaning of 11 U.S.C. § 523(a)(4). On that same day, the Bankruptcy Court entered judgment in Woldman's favor.

Plaintiff moved to vacate the September 15, 1992, judgment for defendant, and alternatively, to set the matter for further argument on the motion for directed verdict or for leave to file an amended adversary complaint. (R. 142–44). In particular, Johnson argued that she was "taken by surprise" by the Bankruptcy Court's interpretation of § 523(a)(4) because it was contrary to the Bankruptcy Judge's previous rulings which suggested that plaintiff would win her case under § 523(a)(4) if she could prove a joint venture. (R. 143). After further oral argument on plaintiff's motion to vacate, the Bankruptcy Judge orally denied plaintiff's motion in its entirety. (November 3, 1992 Transcript of Proceedings ("Nov. Tr."), 15). This appeal followed.

## Discussion

On appeal, Johnson argues that "[t]he bankruptcy court erred in failing to vacate its judgment of September 15, 1992, and in failing to allow further argument on defendant's motion for a directed finding at the end of plaintiff's case." (Brief and Argument of Plaintiff–Appellant ("Brief"), p.

---

1. References to the contents of the Record on Appeal are designated "R."

2. "[A] joint venture is an association of two or more persons to carry out a single enterprise for profit." *Smith v. Metropolitan Sanitary Dist.*, 77 Ill.2d 313, 33 Ill.Dec. 135, 138, 396 N.E.2d 524, 527 (1979).

11).[3] Specifically, plaintiff claims that 1) the Bankruptcy Court erred in concluding that a joint venture is not a fiduciary relationship within the meaning of § 523(a)(4), 2) "surprise" provides a basis for vacating the judgment, and 3) the Bankruptcy Court erred in denying plaintiff leave to file an amended adversary complaint under Fed. R.Civ.P. 15(b). The court will address each of these arguments in turn.

### 1. *The Bankruptcy Court Erred in Interpreting § 523(a)(4)*

■ Bankruptcy Judge Sonderby found that Nye and Woldman were joint venturers, and that as such, they should be treated as partners under Illinois law. (Sept. Tr. 81). She also noted that Illinois law recognizes a general fiduciary relationship between partners. However, the Bankruptcy Judge concluded that

> notwithstanding the fact that Illinois case law suggest[s] that there is a general fiduciary duty among partners, the Uniform Partnership Act finds that a trust relationship arises only when a partner derives profits without the consent of the other partners. Thus, the fiduciary relationship arises after the fact and is not recognized as a fiduciary relationship under federal bankruptcy law.

(Sept. Tr. 81). Johnson alleges that this legal conclusion is erroneous. This court will review the Bankruptcy Judge's legal conclusion under the *de novo* review standard.[4] *In re Ratner*, 132 B.R. 728, 730 & n. 1 (N.D.Ill.1991).

■ Section 523(a)(4) provides that a debtor is not discharged from any debt "for fraud or defalcation while acting in a fiduciary capacity." 11 U.S.C. § 523(a)(4). In determining whether a particular debtor was acting in a fiduciary capacity within the meaning of § 523(a)(4), the court must look to federal law. *In re Blumberg*, 112 B.R. 236, 240 (Bankr.N.D.Ill.1990); *see also In re Bennett*, 970 F.2d 138, 143 (5th Cir. 1992). For example, in *In re Marchiando*, 142 B.R. 246, 249 (N.D.Ill.1992), the court explained:

> The traditional definition of a fiduciary is not applicable in bankruptcy law. The general meaning—a relationship involving confidence, trust and good faith—is far too broad. The fiduciary relationship referred to in § 523(a)(4) has been held to be limited to express and technical trusts, neither of which the law implies from a contract. Further, it must have existed prior to the act creating the debt and without reference to that act. Thus, implied or constructive trusts and trusts *ex maleficio* are not susceptible to the establishment of a fiduciary relationship under the Code.

*Id.* at 249 (citations omitted).

■ However, the courts have also considered state law relevant in determining whether a debtor was acting as a fiduciary under federal law. *Blumberg*, 112 B.R. at 240. *See e.g., In re Janikowski*, 60 B.R. 784, 789 (Bankr.N.D.Ill.1986) (analyzing disciplinary rules adopted by the Illinois Supreme Court); *Marchiando*, 142 B.R. at 249–51 (interpreting an Illinois statute). "The state law creating the fiduciary relationship must, however, have imposed a trust on the property and set forth the fiduciary duties." *Marchiando*, 142 B.R. at 249. Under Illinois law, the relationship of joint venturers is governed by the same principles applicable to partnerships. *Ruskin v. Rodgers*, 79 Ill.App.3d 941, 35 Ill. Dec. 557, 564, 399 N.E.2d 623, 630 (1979). Therefore, the court may look to the Illinois partnership statute and case law to determine whether general partners are in the type of "fiduciary" relationship contemplated by the Bankruptcy Code.[5]

---

3. Defendant–Appellee Woldman failed to appear at a court ordered status. Woldman also failed to file a response or motion for extension of time to file a response to Johnson's brief. Consequently, the court deemed this matter fully briefed on March 12, 1993.

4. Johnson does not dispute the Bankruptcy Court's factual finding that Nye and Woldman were joint venturers. Moreover, upon review of the record, this court concludes that such finding is not clearly erroneous.

5. Johnson has never suggested that this case involves an "express trust." However, on ap-

Significantly, the Uniform Partnership Act, which has been adopted in Illinois, contains only one paragraph imposing a trust duty. Section 21 provides: "Every partner must account to the partnership for any benefit, and hold as trustee for it any profits derived by him without the consent of the other partners from any transaction connected with the formation, conduct, or liquidation of the partnership, or from any use by him of its property." Ill.Rev.Stat. ch. 106½, § 21 (1991). In addition, Illinois law recognizes a fiduciary relationship among partners "to exercise the utmost good faith and honesty" in all partnership dealings. *See Couri v. Couri*, 95 Ill.2d 91, 69 Ill.Dec. 117, 120, 447 N.E.2d 334, 337 (1983).[6] However, no Illinois case has directly addressed whether this Illinois partnership law is sufficient to make general partners "fiduciaries" under § 523(a)(4).[7]

For the following reasons, this court concludes, as did the Bankruptcy Judge, that the duties imposed by Illinois law are insufficient to create the type of fiduciary relationship recognized under § 523(a)(4). First, federal law indicates that § 523(a)(4)'s definition of "fiduciary" should be narrowly construed, rather than broadly interpreted as Johnson suggests. *See e.g., Marchiando*, 142 B.R. at 249. Therefore, federal law requires that the state law creating a § 523(a)(4) fiduciary relationship clearly outline the fiduciary duties and trust property. *See id.* Such is not the case here. In particular, Illinois case law merely restates the general principle that a "fiduciary relationship exist[s] between ... partners and embrace[s] all matters relating to the partnership busi-

ness; each [is] bound to exercise the utmost good faith and honesty in all dealings and transactions relating to the partnership." *Couri*, 69 Ill.Dec. at 120, 447 N.E.2d at 337. *See also Reese v. Melahn*, 53 Ill.2d 508, 292 N.E.2d 375, 379 (1973) (noting that joint "adventurers" stand in a fiduciary relationship to each other).

Moreover, the Illinois partnership statute only appears to create a trust *ex maleficio* (a trust arising out of wrongdoing) which is clearly insufficient under bankruptcy law. *Marchiando*, 142 B.R. at 249. Consequently, Illinois law does not clearly and expressly impose trust-like obligations on general partners, and the court will not assume that such duties exist. Rather, this court construes Illinois' requirement of "utmost good faith and honesty in all dealings" among partners, as nothing more than an expression of the general "fiduciary" definition which should not be confused with that term under bankruptcy law. *See id.* Accordingly, this court affirms the Bankruptcy Judge's determination that the fiduciary relationship existing between general partners under Illinois law, is insufficient under § 523(a)(4).

## 2. The Judgment Should Be Vacated Because of "Surprise"

Johnson contends that if "surprise occurred, it would seem that the Bankruptcy Court should have allowed the first part of [her] Motion, giving [her] time to prepare a response to the Motion for Directed Finding." (Brief, p. 12). Johnson explains that because of previous rulings,

---

peal, plaintiff argues that the present case involves a technical trust created by Illinois law. (Brief, p. 18). There is some conflict over whether the terms "technical trust" and "express trust" are synonymous, and plaintiff asks this court to declare that the terms are distinct. *Cf. In re Missirlian*, 113 B.R. 129, 133 (E.D.N.Y. 1990) (finding the terms synonymous); *In re Bruning*, 143 B.R. 253, 254 (D.Colo.1992) (making a distinction). The court declines plaintiff's invitation, because it is not determinative of the issues presented here since "[m]ost courts ... recognize that the 'technical' or 'express' trust requirement ... includes relationships in which

trust-type obligations are imposed pursuant to statute or common law." *In re Bennett*, 970 F.2d 138, 143 (5th Cir.1992).

6. Contrary to plaintiff's assertions, the Bankruptcy Judge looked to both the Illinois statute, and Illinois common law in addressing whether a partner is a fiduciary under § 523(a)(4). (*See* Sept. Tr. 79–80).

7. However, the other courts are split fairly evenly on this issue. *See Bennett*, 970 F.2d at 142 (collecting cases).

plaintiff might well have reasonably concluded that, *if* she proved the facts to sustain a joint venture, she would prevail, *prima facie*. By the Bankruptcy Court's ruling on the motion for directed finding, that court effectively reversed itself without warning; while we cannot deny the Bankruptcy Court's right to change its mind, we should not have been held to a standard of foresight akin to omniscience, and suffer an adverse judgment when the Bankruptcy Court altered its thinking without prior notice or opportunity to prepare.

(Brief, p. 13).

■ Since Johnson raises the issue of "surprise," this court construes her motion to vacate under Fed.R.Civ.P. 60(b) ("Rule 60(b)"), which has been incorporated into Bankruptcy Rule 9024.[8] "Rule 60(b) allows a court to vacate its order within a reasonable time for circumstances where such things as mistake, inadvertence, surprise, or excusable neglect are found." *Pyramid Energy, Ltd. v. Heyl & Patterson, Inc.*, 869 F.2d 1058, 1062 (7th Cir.1989). This court reviews the Bankruptcy Court's decision to deny this motion under the abuse of discretion standard. *See id.* at 1062–63.

In considering plaintiff's motion, the Bankruptcy Judge rejected Johnson's claim that she was "lulled" into believing that all she had to show at a trial was a joint venture relationship. (Nov. Tr. 10). In this regard, Bankruptcy Judge Sonderby explained that her previous opinions merely stated that "if Johnson could establish the joint venture relationship that a fiduciary relationship as governed by partnership law would have to be found to exist." (Nov. Tr. 11). Moreover, in denying the motion, the Bankruptcy Judge emphasized that Johnson had not met her burden of showing, by a preponderance of the evi-

dence, that her claim was nondischargeable under § 523(a)(4). (Nov. Tr. 11–12).

In sum, the Bankruptcy Judge clearly stated the legitimate reasons underlying her decision, and properly stated the law. Therefore, this court finds no abuse of discretion in the denial of plaintiff's motion to vacate.[9]

### 3. The Bankruptcy Court Should Have Given Leave to Amend

Lastly, Johnson asserts that the Bankruptcy Court erred by not granting her leave to amend her adversary complaint pursuant to Fed.R.Civ.P. 15(b) ("Rule 15(b)"), which is incorporated under Bankruptcy Rule 7015. In particular, plaintiff claims that her motion to allege a cause of action for willful and malicious damage to property under 11 U.S.C. § 523(a)(6) should have been granted because she had a meritorious claim under either § 523(a)(4) or § 523(a)(6). (Brief, p. 24).

■ The disposition of a motion to amend falls within the sound discretion of the bankruptcy court. *In re Stavriotis*, 977 F.2d 1202, 1204 (7th Cir.1992). Therefore, such disposition is reviewed for abuse of discretion. *Id.* Under this standard, abuse will be found if 1) the decision was based on an erroneous legal conclusion, 2) the record contains no evidence upon which the Bankruptcy Court could have based its decision, or 3) the factual findings are clearly erroneous. *Id.*

■ In denying Johnson's motion to amend, the Bankruptcy Judge stated:

Johnson seeks to amend her pleading to add a new theory of willful and malicious injury as used under Section 523(a)(6). According to the first sentence of Rule

---

8. Bankruptcy Judge Sonderby primarily analyzed plaintiff's motion to vacate judgment under Fed.R.Civ.P. 59. (Nov. Tr. 9–13). Under either rule, this court reviews the Bankruptcy Judge's decision to deny the motion under the abuse of discretion standard. Moreover, this court's analysis applies equally to the Bankruptcy Judge's denial of a Rule 59 motion.

9. Johnson's reliance on *Lutz v. Commissioner*, 593 F.2d 45, 45–46 (6th Cir.1979), does not persuade the court otherwise. In *Lutz*, the Sixth Circuit ordered a new trial because the judge ruled in favor of the government after telling both counsel that the government should concede because its only witness was "terrible." *Id.* at 45. To the extent this factually dissimilar case has any application here, this court declines to follow it.

15(b) issues may be tried either by express or implied consent of the parties. There has been no consent to try a 523(a)(6) action. Implied consent exists where the parties recognized that an issue not presented by the pleadings entered the case at trial. If the parties do not recognize that same occurred, there is no consent and the amendment cannot be allowed.... no implied consent on the part of the debtor occurred in the present case as evidenced by the debtors moving for a directed verdict. The court finds that the debtor did not consent to try a 523(a)(6) action. Thus, the Court cannot grant Johnson leave to amend her complaint.

(Nov. Tr. 14–16) (citations omitted).

After review of this record, the court determines that the Bankruptcy Judge's factual finding—that the willful and malicious conversion issue was not tried by consent—is not clearly erroneous. Moreover, the Bankruptcy Judge correctly stated the law, and properly articulated her rationale for denying plaintiff's motion. Accordingly, the court finds no abuse of discretion in denying Johnson's Rule 15 motion.

### Conclusion

For the foregoing reasons, the court affirms the Bankruptcy Court's Orders directing a verdict in defendant's favor, and denying plaintiff's motion to vacate and amend the complaint.