**In re Thomas SMITH.**

**Merchants Financial Services Group, LLC, Plaintiff**

**v.**

**Thomas Smith, Debtor and Selene Maddox, Trustee, Defendants.**

**Bankruptcy No. 04–15439.**
**Adversary No. 05–1002–DWH.**

United States Bankruptcy Court, N.D. Mississippi.

Dec. 18, 2007.

Jeff D. Rawlings, Madison, MS, for Plaintiff.

T. K. Moffett, Amory, MS, for Thomas Smith.

*OPINION*

DAVID W. HOUSTON, III, Bankruptcy Judge.

On consideration before the court is a motion for partial summary judgment filed

by the plaintiff, Merchants Financial Services Group, LLC, ("Merchants"); a response thereto having been filed by the defendant, Thomas Smith, ("debtor"); and the court, having considered same, hereby finds as follows, to-wit:

## I.

The court has jurisdiction of the parties to and the subject matter of this proceeding pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157. This is a core proceeding as defined in 28 U.S.C. § 157(b)(2)(I) and (J).

## II.

On September 1, 2004, the debtor filed a petition for relief under Chapter 7 of the United States Bankruptcy Code, Case No. 04–15439. Merchants filed a complaint objecting to the debtor's discharge, as well as, to deny the dischargeability of its debt, all pursuant to 11 U.S.C. § 727(a)(3), § 523(a)(2)(A), and § 523(a)(4). The court would point out that the motion for partial summary judgment filed by Merchants asserts that summary judgment should be granted pursuant to 11 U.S.C. § 523(a)(6). Merchants' complaint does not include § 523(a)(6) as a cause of action for non-dischargeability. Therefore, the court will not consider § 523(a)(6) in this decision.

Pursuant to a universal promissory note, dated November 28, 2002, Royalty, Incorporated, ("Royalty"), became indebted to Merchants in the original principal sum of $3,300,000.00. Royalty assigned to Merchants certain rental purchase agreements as security for the aforesaid indebtedness. Royalty was to collect the payments due under the rental purchase agreements and remit them to Merchants for application to the indebtedness. Royalty subsequently defaulted in making its payments, and the balance owed by Royalty at the time the debtor, Thomas Smith, filed bankruptcy was $3,015,592.12, plus interest and attorney fees. The debt was personally guaranteed by Smith who was the President of Royalty.

The complaint alleges that the debtor collected approximately $200,000.00 in payments from the assigned rental purchase agreements and did not remit these proceeds to Merchants. The complaint also states that the debtor was in a fiduciary relationship with Merchants and was obligated to hold the collected payments in trust for the benefit of Merchants. Merchants relies on certain statements, made by the debtor as the designated corporate representative in Royalty's Rule 30(b)(6) deposition, as the primary basis of its motion for partial summary judgment. Merchants specifically points to the fact that the debtor admitted that $250,000.00[1] in funds collected by Royalty were used for purposes other than making the required payments to Merchants. As such, Merchants contends that the debtor should not be entitled to obtain a discharge of this portion of the debt that he guaranteed. Merchants also asserts that the debtor violated the fiduciary duties that he owed to Merchants by collecting and spending funds in violation of the assignment agreement.

## III.

Summary judgment is properly granted when pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Bankruptcy Rule 7056; Uniform Local Bankruptcy Rule 18. The court must examine each issue in a light most favorable to the nonmoving party. *Anderson v. Liberty Lobby,* 477 U.S. 242, 106 S.Ct. 2505,

---

1. This amount exceeds the amount specified in Merchants' complaint by $50,000.00.

91 L.Ed.2d 202 (1986); *Phillips v. OKC Corp.*, 812 F.2d 265 (5th Cir.1987); *Putman v. Insurance Co. of North America*, 673 F.Supp. 171 (N.D.Miss.1987). The moving party must demonstrate to the court the basis on which it believes that summary judgment is justified. The nonmoving party must then show that a genuine issue of material fact arises as to that issue. *Celotex Corporation v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Leonard v. Dixie Well Service & Supply, Inc.*, 828 F.2d 291 (5th Cir.1987), *Putman v. Insurance Co. of North America*, 673 F.Supp. 171 (N.D.Miss.1987). An issue is genuine if "there is sufficient evidence favoring the nonmoving party for a fact finder to find for that party." *Phillips*, 812 F.2d at 273. A fact is material if it would "affect the outcome of the lawsuit under the governing substantive law." *Phillips*, 812 F.2d at 272.

▪ The court notes that it has the discretion to deny motions for summary judgment and allow parties to proceed to trial so that the record might be more fully developed for the trier of fact. *Kunin v. Feofanov*, 69 F.3d 59, 61 (5th Cir.1995); *Black v. J.I. Case Co.*, 22 F.3d 568, 572 (5th Cir.1994); *Veillon v. Exploration Services, Inc.*, 876 F.2d 1197, 1200 (5th Cir. 1989).

## IV.

The court will address the motion for partial summary judgment exclusively on the issue of whether the debtor perpetrated a fraud against Merchants while acting in a fiduciary capacity as contemplated by § 523(a)(4) of the Bankruptcy Code.

▪ Merchants contends that the debtor occupied the position of a fiduciary because he signed a personal guaranty of the indebtedness owed by Royalty to Merchants and was, throughout the relevant period, the chief operating officer of Royalty.

Collier on Bankruptcy, § 523.10[1][c], addresses the characteristics necessary to constitute a "fiduciary capacity" as follows:

The mere fact that state law places two parties in relationship that may have some of the characteristics of a fiduciary relationship does not necessarily mean that the relationship is a fiduciary relationship under 11 U.S.C. § 523(a)(4), which requires the existence of express or technical trust. As one court has observed:

[C]ase authority recognizes that the traditional definition of "fiduciary" is not applicable in defining "fiduciary capacity" under section 523(a)(4). The general meaning of a fiduciary—a relationship involving confidence, trust and good faith—is far too broad for the purposes of section 523(a)(4).... The Supreme Court favors a narrow construction of the term "fiduciary capacity" and defines the term as meaning arising from an express or technical trust.[10] ...

10. *In re Twitchell*, 91 B.R. 961, 964–65 (D.Utah 1988), *citing Davis v. Aetna Acceptance Co.*, 293 U.S. 328, 333, 55 S.Ct. 151, 153, 79 L.Ed. 393 (1934); *accord Fowler Bros. v. Young (In re Young)*, 91 F.3d 1367 (10th Cir.1996); *In re Librandi*, 183 B.R. 379 (M.D.Pa.1995); *In re Kaplan*, 162 B.R. 684, 704 (Bankr.E.D.Pa.1993); *aff'd*, 189 B.R. 882 (E.D.Pa.1995).

Thus, unless there exists some additional fact, section 523(a)(4), as it relates to a debtor acting in a fiduciary capacity, does not generally apply to frauds of agents,[11] bailees,[12]

11. *In re Grabau*, 151 B.R. 235 (Bankr. N.D.Cal.1991), *aff'd in part, rev'd on other grounds*, 151 B.R. 227, 229 (N.D.Cal.1993); *Air Traffic Conference of America v. Paley (In re Paley)*, 8 B.R. 466, 3 C.B.C.2d 648 (Bankr. E.D.N.Y.1981); *Borg–Warner Acceptance Corp. v. Miles (In re Miles)*, 2 C.B.C.2d 892, 5 B.R. 458 (Bankr.E.D.Va.1980); *Angelle v. Reed (In the Matter of Angelle)*, 610 F.2d 1335 (5th Cir.1980); *Devaney v. Dloogoff (In the*

*Matter of Dloogoff),* 600 F.2d 166 (8th Cir. 1979).

12. *See generally George Busby Ford, Inc. v. Ross,* 62 Tenn.App. 80, 459 S.W.2d 46 (1970).

brokers,[13] factors,[14] and partners,[15] and other persons similarly situated.[16]

---

13. *See In Re Maynard,* 153 B.R. 933 (Bankr.M.D.Fla.1993); *In re Danahy,* 45 F.Supp. 758 (W.D.N.Y.1942).

14. *In re Adler,* 152 F. 422 (2d Cir.1907).

15. *In re Spector,* 26 C.B.C.2d 161, 133 B.R. 733, (Bankr.E.D.Pa.1991); *In re Tocci,* 9 C.B.C.2d 636, 34 B.R. 66 (Bankr.S.D.Fla. 1983), *modified,* 39 B.R. 1000 (Bkrtcy. S.D.Fla.1983) *But see, LSP Investment Partnership v. Bennett (Matter of Bennett),* 989 F.2d 779, 28 C.B.C.2d 1446 (5th Cir.1993), *cert. denied,* 510 U.S. 1011, 114 S.Ct. 601, 126 L.Ed.2d 566 (1993); *Ragsdale v. Haller,* 780 F.2d 794 (9th Cir.1986). *See also Johnson v. Woldman,* 29 C.B.C.2d 1542, 158 B.R. 992 (N.D.Ill.1993).

16. *Matter of Woldman,* 92 F.3d 546 (7th Cir.1996) (no fiduciary relationship created by agreement of attorney to pay referral fee to another attorney); *Barclays Am./Business Credit, Inc. v. Long (In re Long),* 774 F.2d 875, 13 C.B.C.2d 1036 (8th Cir.1985). *See also Driggs v. Black (In re Black),* 787 F.2d 503, 14 C.B.C.2d 1215 (10th Cir.1986) (defalcation claim failed because the debtor as a corporate officer did not stand in a fiduciary capacity to the minority shareholder individually when the acts complained of occurred); *In re McKinney,* 151 B.R. 944 (Bankr.N.D.Okla. 1993); *Matter of Touchstone,* 149 B.R. 721 (Bankr.S.D.Fla.), modified, 153 B.R. 955 (Bkrtcy.S.D.Fla.1993)

Certain relationships are generally recognized as involving fiduciary obligations within the meaning of section 523(a)(4).[20] Bank officers,[21] executors and administrators,[22] guardians,[23] receivers,[24] the president of a private corporation entrusted with funds for a particular purpose,[25] the sole manager of a joint venture's affairs,[26] and, of course, other technical trustees[27] have been held to be acting in a fiduciary capacity within the meaning of this provision.

. . . . .

20. [Reserved]

21. *Harper v. Rankin,* 141 F. 626, *cert. denied,* 200 U.S. 621, 26 S.Ct. 758, 50 L.Ed. 624 (1906).

22. *In re Reed,* 155 B.R. 169 (Bankr. S.D.Ohio 1993).

23. *In re Dauterman,* 156 B.R. 976 (Bankr.N.D.Ohio 1993); *Alabama Nat'l Bank of Montgomery v. Beach (In re Beach),* 5 C.B.C.2d 31, 13 B.R. 759 (Bankr.M.D.Ala. 1981); *Aetna Ins. Co. v. Byrd (In re Byrd),* 15 B.R. 154 (Bankr.E.D.Va.1981).

24. *Central Hanover Bank & Trust Co. v. Herbst,* 93 F.2d 510 (2d Cir.1937), *aff'd In re Herbst,* 22 F.Supp. 353 (S.D.N.Y.1937). *See also In re Moffitt,* 146 B.R. 364 (Bankr. S.D.Tex.1992).

25. *See Moreno v. Ashworth (In re Moreno),* 892 F.2d 417 (5th Cir.1990).

26. *Lewis v. Short (In re Short),* 818 F.2d 693, 17 C.B.C.2d 143 (9th Cir.1987); *In re Shane,* 26 C.B.C.2d 1617, 140 B.R. 964 (Bankr.N.D.Ohio 1992).

27. *Matter of Touchstone,* 149 B.R. 721 (Bankr.S.D.Fla.), *modified,* 153 B.R. 955 (S.D.Fla.1993).

*See In re Nored,* 302 B.R. 833, 841–42 (Bankr.N.D.Miss.) 2003.

Merchants states "[a]dmittedly, the debtor collected in excess of $250,000.00 in proceeds and payments from the assigned rental purchase agreements and did not pay them to Merchants as required." Rule 30(b)(6) of the Federal Rules of Civil Procedure, made applicable to this proceeding by Rule 7030, Federal Rules of Bankruptcy Procedure, provides as follows:

(6) A party may in the party's notice and in a subpoena name as the deponent a public or private corporation or a partnership or association or governmental agency and describe with reasonable particularity the matters on which examination is requested. In that event, the organization so named shall designate one or more officers, directors, or man-

aging agents, or other persons who consent *to testify on its behalf,* and may set forth, for each person designated, the matters on which the person will testify. A subpoena shall advise a non-party organization of its duty to make such a designation. The persons so designated shall testify as to matters known or reasonably available to the organization. This subdivision (b)(6) does not preclude taking a deposition by any other procedure authorized in these rules. (emphasis added)

The debtor, as Royalty's Rule 30(b)(6) representative, admitted that Royalty collected approximately $250,000.00 in payments from the assigned rental purchase agreements and did not pay them to Merchants. He indicated that Royalty used these payments for normal operating expenses in furtherance of continuing its business relationship with Merchants. The debtor did not testify that he personally orchestrated the acts of failing to remit the collections to Merchants, only that it was, in fact, done by Royalty. The connectivity to the debtor individually is just too thin to justify a decision in favor of Merchants on the basis of a motion for partial summary judgment. The record needs to be further developed by additional, relevant testimony.

In addition, considering the above authorities, there are also genuine issues of material fact remaining in dispute as to whether a fiduciary relationship existed between Merchants and the debtor. Therefore, the motion for partial summary judgment is not well taken and cannot be sustained.

A separate order, consistent with this opinion, will be entered contemporaneously herewith.