In re Karol Jeanne WILDER a/k/a Karol Jeanne Stockett, Debtor.

**ILLINOIS DEPARTMENT OF PUBLIC AID, Plaintiff,**

v.

Karol Jeanne WILDER a/k/a Karol Jeanne Stockett, Defendant.

Bankruptcy No. 94–41013–172.
Adv. No. 94–4234–172.

United States Bankruptcy Court,
E.D. Missouri,
Eastern Division.

Feb. 15, 1995.

---

Robert J. Blackwell, Trustee, St. Louis, MO.

Sherilyn Jo Bennett, St. Louis, MO, for defendant.

Thomas Benedick, Asst. Atty. Gen., State of Ill., Belleville, IL, for plaintiff.

### MEMORANDUM

JAMES J. BARTA, Bankruptcy Judge.

This matter is before the Court on the Parties' respective Motions for Summary Judgment. The Illinois Department of Public Aid ("Plaintiff") has requested a judgment on its complaint to determine that certain monies it paid to Karol Jeanne Wilder ("Debtor") created a debt that is nondischargeable in this bankruptcy proceeding pursuant to 11 U.S.C. § 523(a)(2). The Debtor has argued in her motion that the statute of limitations applicable to the Plaintiff's cause of action has expired, and, therefore, the Plaintiff is barred from prosecuting its dischargeability complaint. For the reasons set forth below, the Defendant's Motion for Summary Judgment will be granted, and the Plaintiff's Motion for Summary Judgment will be denied.

This is a core proceeding pursuant to Section 157(b)(2)(I) of Title 28 of the United States Code. The Court has jurisdiction over the parties and this matter pursuant to 28 U.S.C. §§ 151, 157 and 1334, and Rule 29 of the Local Rules of the United States District Court for the Eastern District of Missouri. These determinations and orders are the final findings and conclusions of the Bankruptcy Court.

### Facts

The parties have stipulated to the relevant facts in this case. From May 1984 through December 1986, the Defendant received public assistance from the State of Illinois through its agent, the Plaintiff, pursuant to Ill.Ann.Stat. ch. 305, para. 5/11–18 (Smith–Hurd 1994). The statute requires that a

recipient of aid from the Plaintiff notify the Plaintiff of any change of status with respect to situations like income, need, property and monetary contributions and other support. If the recipient fails to notify the Plaintiff or other appropriate agency of a relevant change in status, the recipient is liable to the agency for any wrongfully paid amounts. Unless the recipient repays the money, the money may be recovered in a civil action.

The Plaintiff investigated certain payments to the Debtor and determined that the Debtor had experienced a change in status that the Debtor had not reported to the Plaintiff. The change involved $11,129.96 in wages, in addition to other benefits, which the Debtor received from her employment with the City of East St. Louis. As a result of the Debtor's failure to notify the Plaintiff of the change, the Plaintiff overpaid assistance to the Debtor in the amount of $12,976.00. The Plaintiff discovered the alleged fraud on September 24, 1986. The Plaintiff commenced the instant adversary proceeding on May 27, 1994.

In the Joint Stipulation of Facts, the Parties agreed that the Debtor would not have received financial aid but for the fact that the Debtor made a false statement, willful misrepresentation, or failed to notify the agency of the change in status, in violation of Ill.Ann. Stat. ch. 305, para. 5/8A–7 (Smith–Hurd 1994). The Plaintiff has received no payments from the Debtor. As a result of the actions of the Debtor, the United States District Court for the Southern District of Illinois, in cause 90–30009, adjudged the Debtor guilty of one count of making false statements in violation of 18 U.S.C. § 1001.

### Discussion

■ The Plaintiff has requested this Court to declare that the overpayment of $12,976.00

to the Debtor is a nondischargeable debt. Because Section 523 of the Bankruptcy Code lists the types of debts that are excepted from discharge, the Court must first find that a "debt" exists before it may find the debt nondischargeable. Once a debt is established, the Court then looks to see if the debt falls within any of the nondischargeable types of debts listed in Section 523.[1]

In this case the Plaintiff must show that the overpayment to the Debtor constitutes a "debt" within the meaning of the Bankruptcy Code. The Code defines a "debt" as "liability on a claim." 11 U.S.C. § 101(12). The United States Supreme Court has indicated that the meanings of "debt" and "claim" are coextensive. *Pennsylvania Dept. of Public Welfare v. Davenport*, 495 U.S. 552, 558, 110 S.Ct. 2126, 2130, 109 L.Ed.2d 588 (1990).[2] In turn, the Code defines "claim" as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured...." 11 U.S.C. § 101(5)(A). Finally, the Supreme Court has interpreted "right to payment" to mean "nothing more nor less than an enforceable obligation." *Id.* at 559, 110 S.Ct. at 2131; *see also In re Long*, 148 B.R. 904, 908 (Bankr.W.D.Mo. 1992). In this context the Supreme Court further indicates that the term "claim" is to be given expansive scope, particularly in light of Congress' use of the modifying language ("whether or not such right is ..."), which broadens the class of obligations that qualifies as "claims" and, thus, the class that constitutes "debts." *See Davenport*, 495 U.S. at 558, 110 S.Ct. at 2130. Based on the language of Sections 101(5) and 101(12), as well as the Supreme Court's instruction regarding the interpretation of the relevant terms, this Court concludes, for the reasons

---

1. In this case the Plaintiff relies on Section 523(a)(2)(A) and (B), which except from discharge any debt for money to the extent obtained by "false pretenses, a false representation, or actual fraud ..." or any debt obtained by the use of a "materially false" written statement "respecting the debtor's ... financial condition ... on which the creditor to whom the debtor is liable for such money reasonably relied and ... that the debtor caused to be made or published with intent to deceive...."

2. This Court is aware that Congress overruled the result in *Davenport* by passing the Criminal Victims Protection Act of 1990, Pub.L. 101–581, § 3, 104 Stat. 2865. However, as the Supreme Court noted in *Johnson v. Home State Bank*, 501 U.S. 78, 83 n. 4, 111 S.Ct. 2150, 2154 n. 4, 115 L.Ed.2d 66 (1991), Congress did so without "disturbing our general conclusions on the breadth of the definition of 'claim' under the Code."

set forth below, that as of the commencement of this Bankruptcy case, the IDPA held no claim against the Debtor.

 For a claim, and hence a debt, to exist, a right to payment must exist. As the Supreme Court indicated in *Davenport* and reaffirmed in *Johnson,* a right to payment exists if an enforceable obligation exists. To determine if the IDPA has an enforceable claim against the Debtor, this Court must address the Debtor's affirmative defense based on the statute of limitations. Generally, a bankruptcy court applies the law of the state where the debtor resides or where a contract took place in applying any statute of limitations. *In re Burger,* 125 B.R. 894, 901 (Bankr.D.Del.1991). In the case before the Court, the Illinois statute of limitations applies because the debtor resided at all relevant times in Illinois. Pursuant to Section 108(c) of the Bankruptcy Code, a statute of limitations is tolled until 30 days after the termination of the automatic stay. However, if the limitations period has expired prior to the filing of the bankruptcy petition, then Section 108(c) does not apply. *Id.*

The Parties have agreed that IDPA first attempted to collect any obligation owed by the Debtor by filing the instant adversary proceeding on May 27, 1994, almost eight years after it discovered the alleged fraud by the Debtor. As a result, no enforceable obligation in favor of the IDPA exists because the five year statute of limitations, within which the IDPA must bring a civil action to recover any monetary amounts resulting from the welfare fraud, has expired. *See Joint Stipulation of Facts,* Document #9, filed October 14, 1994. The expiration of the statute of limitations extinguished the IDPA's right to enforce this obligation owed to it by the Debtor. Absent an enforceable obligation, there is no right to payment. Absent a right to payment, the IDPA possesses no claim against the Debtor. Therefore, no debt existed as of the commencement of the case.

The Court has determined that the pleadings, depositions, answers to interrogatories and admissions together with any affidavits, show that there is no genuine issue as to any material fact, and that the Debtor is entitled to a judgment as a matter of law. The Plaintiff's requests to declare certain obligations to be nondischargeable are denied.