### In the Matter of Barry WOLDMAN, Debtor–Appellee.

### Appeal of Geraldine JOHNSON.

### No. 93–3450.

United States Court of Appeals, Seventh Circuit.

Submitted July 11, 1996.

Decided Aug. 9, 1996.

Rehearing and Suggestion for Rehearing En Banc Denied Sept. 19, 1996.

George J. VanEmden (submitted on briefs), VanEmden, Busch & VanEmden, Chicago, IL, for Appellant.

Joseph Wrobel, Chicago, IL, for Debtor–Appellee.

Before POSNER, Chief Judge, and PELL and EVANS, Circuit Judges.

POSNER, Chief Judge.

Nye, a lawyer, referred a personal injury case to Woldman, another lawyer, to try it, and the two agreed to share equally any attorney fees generated by the case. Woldman settled the case, collecting a contingent fee of $45,000. But he gave Nye only $500, spent the rest on personal expenses, and declared bankruptcy. Nye assigned his claim for the balance of what he was owed, $22,000, to Johnson, who brought an adversary action in the bankruptcy court for a

declaration that Woldman's debt to her through Nye is nondischargeable because it is the result of the debtor's "fraud or defalcation while acting in a fiduciary capacity." 11 U.S.C. § 523(a)(4). The bankruptcy court granted summary judgment for Woldman; the district court affirmed; Johnson appeals to us. She points out that: Woldman and Nye were partners or joint venturers (relationships treated the same under Illinois law, *Herst v. Chark*, 219 Ill.App.3d 690, 162 Ill. Dec. 176, 178, 579 N.E.2d 990, 992 (1991)); participants in a joint venture owe one another a fiduciary obligation, *Couri v. Couri*, 95 Ill.2d 91, 69 Ill.Dec. 117, 120, 447 N.E.2d 334, 337 (1983); *Finley v. Marathon Oil Co.*, 75 F.3d 1225, 1229 (7th Cir.1996) (Illinois law), implying a high degree of care, loyalty, and honesty; Woldman obviously failed to live up to that high standard. This does not end the case, however, because only a subset of fiduciary obligations is encompassed by the word "fiduciary" in section 523(a)(4). *Davis v. Aetna Acceptance Co.*, 293 U.S. 328, 333, 55 S.Ct. 151, 153–54, 79 L.Ed. 393 (1934).

There is a division of authority over whether fiduciary obligations between equals, for example general partners in a partnership, or, as here, joint venturers, are part of the subset. *In re Bennett*, 989 F.2d 779, 783–84 (5th Cir.1993). But in this circuit the question is answered by *In re Marchiando*, 13 F.3d 1111 (7th Cir.1994), which holds that section 523(a)(4) reaches only those fiduciary obligations in which there is substantial inequality in power or knowledge in favor of the debtor seeking the discharge and against the creditor resisting discharge, and does not reach "a trust that has a purely nominal existence until the wrong is committed." *Id.* at 1116. Marchiando, the owner of a convenience store, declared bankruptcy after failing to remit the proceeds of sales of state lottery tickets. A state statute declared that such proceeds "shall constitute a trust fund until paid to the [state]," but we held that the statute had not created a fiduciary obligation within the meaning of section 523(a)(4). Like a constructive or resulting trust, which case law had clearly excluded from the reach of that section, the trust had no significance until the so-called "fiduciary" committed a wrong; until then, the "fiduciary," the owner of the convenience store, had no duties of a fiduciary character toward the "beneficiary" of the "trust," that is, the state. This case is similar. Realistically, Woldman's only duty to Nye was to honor the agreement to turn over half of any fees recovered to Nye. The case is thus at the opposite end of the broad spectrum of fiduciary obligations from the case in which a trustee defrauds a child beneficiary or a lawyer defrauds a client or a general partner defrauds a limited partner. See, e.g., *In re Bennett, supra*, 989 F.2d at 790; *Meyer v. Rigdon*, 36 F.3d 1375, 1382 (7th Cir.1994) (interpreting identical language in 11 U.S.C. § 523(a)(11)).

So far we have assumed (with the parties) that this really is a case of fraud, but actually it is better described as defalcation, for there is no indication that Woldman intended from the beginning to keep Nye's half of any fees that the lawsuit might generate. No matter. The statute treats fraud and defalcation the same. The only thing that matters is that Woldman was not Nye's fiduciary within the special meaning that section 523(a)(4) assigns to the term.

AFFIRMED.