Paul Edward EISAMAN, Jennifer
Lynn Eisaman, Debtors

S & L Enterprises I, LLC, Plaintiff

v.

Paul Edward Eisaman, Jr., Defendant.

Bankruptcy No. 07–12260.
Adversary No. 07–1317.

United States Bankruptcy Court,
N.D. Indiana,
Fort Wayne Division.

March 24, 2008.

Mark A. Warsco, Rothberg Logan & Warsco, Fort Wayne, IN, for Plaintiff.

Sarah Mustard Heil, Skekloff, Adelsperger & Kleven, LLP, Fort Wayne, IN, for Defendant.

### DECISION AND ORDER ON MOTION TO DISMISS

ROBERT E. GRANT, Bankruptcy Judge.

The debtors filed a petition for relief under Chapter 11 of the United States Bankruptcy Code on August 13, 2007. By this adversary proceeding, the plaintiff has asked the court to declare that Paul Eisaman's obligation to it is non-dischargeable pursuant to § 523(a) of the United States Bankruptcy Code. The complaint alleges that the plaintiff made various loans to Eisaman Real Estate, Inc. with the understanding that the loan proceeds would be used to acquire and improve particular pieces of real estate. In connection with these transactions, the plaintiff dealt with the debtor/defendant, Paul Eisaman, President of Eisaman Real Estate, Inc., and contends that, as president, the defendant owed the plaintiff a fiduciary duty to ensure that the loan proceeds were used for their intended purpose. Since they were not, the defendant has allegedly breached that duty, so that his obligation to the plaintiff should be non-dischargeable.

Defendant responded to the complaint by filing a motion to dismiss. The motion argues that the complaint fails to allege the facts needed to give rise to a fiduciary relationship and, therefore, fails to state a claim for non-dischargeability under § 523(a)(4) of the United States Bankruptcy Code. *See,* Fed. R. Bankr.P. Rule 7012(b); Fed.R.Civ.P. Rule 12(b)(6). Plaintiff's response to this challenge is two-fold. First, it contends that the complaint is based upon § 523(a)(2) and seeks a declaration of non-dischargeability because of the defendant's fraud. Second, it argues that, as president of the borrower corporation, the defendant owed fiduciary obligations to the corporation, which can be enforced by the corporation's creditors,

and to the creditors themselves. The matter is before the court to consider the issues raised by the motion to dismiss.

Traditionally, a motion to dismiss for the failure to state a claim should not be granted unless it is clear, from the face of the complaint, that there is no set of facts which plaintiff could prove in support of its claim which would entitle it to relief. *Caldwell v. City of Elwood, Ind.*, 959 F.2d 670, 671–72 (7th Cir.1992)(*citing Mosley v. Klincar*, 947 F.2d 1338, 1339 (7th Cir. 1991)). That traditional formulation of the standard states things a bit too liberally and may need to be abandoned. *Bell Atlantic Corp. v. Twombly*, —— U.S. ——, 127 S.Ct. 1955, 1969, 167 L.Ed.2d 929 (2007). In applying the general rules of pleading, Rule (8)(a) of the Federal Rules of Civil Procedure (the complaint shall contain "a short plain statement of the claim showing the pleader is entitled to relief"), the Supreme Court has recently articulated a different standard that imposes two requirements. *See, Twombly*, —— U.S. ——, 127 S.Ct. 1955.

First, the complaint must describe the claim in sufficient detail to give the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests.' . . . Second, its allegations must plausibly suggest that the plaintiff has a right to relief raising the possibility above a 'speculative level'; if they do not, the plaintiff pleads itself out of court. *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir.2007) (quoting *Bell Atlantic v. Twombly*, ——

U.S. ——, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929)(internal citations omitted).

▇▇▇ *Twombly* was applying Rule 12(b)(6) in the context of the general rules of pleading established by Rule 8(a). There is also a more rigorous pleading standard which must be satisfied when the basis for the plaintiff's claim is some type of fraud. "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed.R.Civ.P. Rule 9(b). In order to withstand a motion to dismiss, a complaint alleging fraud must, at a minimum, state "the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff." *Bankers Trust Co. v. Old Republic Insurance Co.*, 959 F.2d 677, 683 (7th Cir.1992) (quoting *Sears v. Likens*, 912 F.2d 889, 893 (7th Cir.1990)). *See also, In re Rifkin*, 142 B.R. 61, 67 (Bankr. E.D.N.Y.1992). A complaint which fails to identify the fraudulent statements or the reasons why they are fraudulent does not satisfy the particularity requirement of Rule 9(b). *Skycom Corp. v. Telstar Corp.*, 813 F.2d 810, 818 (7th Cir.1987). That requirement applies equally to all claims which are based upon an underlying fraud, including all three aspects of 11 U.S.C. § 523(a)(2)(A) (false pretenses, false representations, and actual fraud), *In re Lane*, 937 F.2d 694, 698–99 (1st Cir.1991), and complaints under § 523(a)(4) concerning fraud in a fiduciary capacity.[1] *See, In re Halversen*, 330 B.R. 291, 300–301 (Bankr.

---

1. As used in § 523(a)(4), fraud and defalcation are not the same thing. *In re Woldman*, 92 F.3d 546, 547 (7th Cir.1996). Fraud requires a deceptive intent from the beginning of the transaction, *id.*, while defalcation is a broader term that encompasses other types of fiduciary misconduct. *In re Baker*, 66 B.R. 652, 654 (Bankr.D.Nev.1986). While

§ 523(a)(4) treats both fraud and defalcation in the same way where dischargeability is concerned, the Federal Rules of Civil Procedure do not. Allegations of defalcation under § 523(a)(4) do not need to meet the particularity requirements of Rule 9(b). *In re Moran*, 152 B.R. 493, 495 (Bankr.S.D.Ohio 1993); *Baker*, 66 B.R. at 654.

M.D.Fla.2005); *Volpert,* 175 B.R. 247, 260 (Bankr.N.D.Ill.1994).

■ Plaintiff's complaint does not allege fraud, whether under § 523(a)(2) or § 523(a)(4), with the requisite particularity. There are no allegations concerning the who, what, when, where, or how of any representations made to the plaintiff or how there might be any falsity involved. At most there is only an allegation concerning an understanding as to how part of the loan proceeds were to be used, which was not observed. While those allegations might be sufficient to suggest a breach of contract, they are not sufficient to allege fraud.

■ Plaintiff's complaint also fails to allege sufficient facts to plausibly suggest that there was a fiduciary relationship between the plaintiff and the defendant. Whether or not there was such a relationship is a question of federal law. *In re Frain,* 230 F.3d 1014, 1017 (7th Cir.2000). Although the court may look to state law to help determine the issue, state law is not dispositive. *In re Wheeler,* 101 B.R. 39, 45 (Bankr.N.D.Ind.1989); *In re Guy,* 101 B.R. 961, 983 (Bankr.N.D.Ind.1988). Furthermore, § 523(a)(4) is not broad enough to encompass all the relationships that might be labeled fiduciary by state law and, instead, reaches only a smaller subset of them. *In re Marchiando,* 13 F.3d 1111, 1116 (7th Cir.1994); *Frain,* 230 F.3d 1014, 1017. Thus, some relationships which state law may characterize as fiduciary ones will not meet the standards of § 523(a)(4). Nonetheless, because § 523(a)(4) is simply a subset of the larger body of fiduciary relationships recognized by non-bankruptcy law, if a particular relationship does not constitute a fiduciary relationship under non-bankruptcy law, it will not qualify as a fiduciary relationship for the purposes of § 523(a)(4). 4 Collier on Bankruptcy ¶ 523.10[1][d] (15th ed.

rev.) (citing *Johnson v. Woldman,* 158 B.R. 992, 996 (N.D.Ill.1993))

The only facts alleged to support the claim of a fiduciary relationship between the plaintiff and defendant involve the defendant's duties by virtue of his status as President of Eisaman Real Estate, Inc. Plaintiff contends that, as president of the corporation, the defendant had a fiduciary duty to see that the loan proceeds were used for their intended purpose and that he breached that duty when they were used for other purposes. Complaint ¶¶ 10, 11. To support the argument, Plaintiff relies upon *In re Nicoll,* 42 B.R. 87 (Bankr.N.D.Ill.1984). There, in ruling on a motion to dismiss a claim under § 534(a)(4), the bankruptcy court concluded that, under Illinois law, a corporate officer owed a fiduciary duty to the corporation, which could somehow be enforced by a creditor of the corporation, so that, if the plaintiff/creditor could prove that corporate funds were diverted to the debtor personally, the debtor could be liable to the corporation's creditor and the debt would be non-dischargeable under § 523(a)(4). *Nicoll,* 42 B.R. at 89. Therefore, the complaint stated a claim for relief and survived the debtor/defendant's motion to dismiss.

Assuming that *Nicoll* represents a correct statement of Illinois law concerning the duties of a corporate officer to the corporation's creditors, it is not dispositive here. To begin with, *Nicoll* was decided before *Twombly* and applied a less rigorous standard in ruling on the motion to dismiss. Secondly, the debtor's duties to the plaintiff by virtue of his office as President of Eisaman Real Estate, Inc. are governed by Indiana law, not that of Illinois.

■ Applying the standard espoused by *Nicoll* in light of *Twombly's* more rigor-

ous pleading requirements, Plaintiff's complaint fails to sufficiently allege that corporate property was *personally* diverted to the debtor. It alleges only that the defendant breached a duty to use the loan proceeds to improve certain real estate and "converted those proceeds for other purposes." Complaint, ¶ 11. While that allegation is certainly consistent with the possibility that loan proceeds were personally diverted to the debtor, it also is equally consistent with the possibility that they were diverted to some other use. After *Twombly*, a complaint alleging conduct that is equally susceptible to culpable and non-culpable explanations does not satisfy the requirements of Rule 12(b)(6). Such a complaint "stops short of the line between possibility and plausibility...." *Twombly*, —— U.S. at ——, 127 S.Ct. at 1966.

■■■■■ Indiana law differs significantly from the Illinois law described in *Nicoll* concerning the duties of a corporate officer to the corporation's creditors. Indiana would not make an officer personally liable to the corporation's creditors in the circumstances *Nicoll* describes. Absent an active intent to deceive or defraud creditors, a creditor of a corporation cannot maintain a personal action against the corporation's officers or directors for a wrong committed against the corporation. *Geiger & Peters, Inc. v. Berghoff*, 854 N.E.2d 842, 850 (Ind.App.2006). Unlike some jurisdictions, when a corporation becomes insolvent, Indiana does not make corporate officers and directors fiduciaries for the corporation's creditors. *Id.* Instead, their duties always run to the corporation and its shareholders, not to the corporation's creditors. *Id.* at 850–51. A personal cause of action against a corporate officer or director in favor of a corporate creditor arises only when there is a breach of a duty owed specially to the creditor that is

separate and distinct from the duty owed to the corporation. *Id.* at 851.

Plaintiff's claim under § 523(a)(4) is based upon the proposition that "Paul Eisaman as President of Eisaman Real Estate, Inc, owed a fiduciary duty to Plaintiff...." Complaint ¶ 10. That is not the law in Indiana and without a fiduciary relationship under non-bankruptcy law there can be no claim for fraud or defalcation in a fiduciary capacity under § 523(a)(4).

■■■■ Plaintiffs' complaint fails to state a claim for relief under either § 523(a)(2) or § 523(a)(4) of the United States Bankruptcy Code. While this justifies dismissal of the complaint, it does not justify a dismissal of the entire proceeding. Instead, the plaintiff should normally be given the opportunity to file an amended complaint. *See, Polich v. Burlington Northern, Inc.*, 942 F.2d 1467, 1472 (9th Cir.1991). *See also, Barry Aviation, Inc. v. Land O'Lakes Municipal Airport Commission*, 377 F.3d 682, 687 (2004). Should it choose to do so, there is another deficiency the plaintiff should attempt to rectify.

■■■■ The provisions of § 523(a) do not make a debtor liable to a creditor. They merely determine whether an existing liability is a dischargeable one. That liability—the debt—is determined by non-bankruptcy law. Thus, the first step in determining whether or not a particular debt is dischargeable is to make certain that there is, indeed, a debt owing by the debtor to the creditor. Without such an obligation, there is no debt which could be excepted from the scope of the debtors' discharge. *In re Sieger*, 200 B.R. 636, 639 (Bankr.N.D.Ind.1996); *In re Wilder*, 178 B.R. 174, 176–77 (Bankr.E.D.Mo.1995). *Cf., Matter of Hallahan*, 936 F.2d 1496, 1508 (7th Cir.1991) ("we think it preferable to allow bankruptcy courts ruling on the

dischargeability of a debt to adjudicate the issues of liability and damages also.").

 It is not entirely clear from the present complaint why the defendant has any liability to the plaintiff. It loaned money to the corporation, not to the defendant, and there is no allegation that the defendant guaranteed the corporation's debt. While a corporate officer will be personally liable for torts committed in connection with their activities on behalf of the corporation, such liability requires the existence of an independent duty running to the plaintiff, *Geiger & Peters, Inc.*, 854 N.E.2d at 851, and there are no allegations that would give rise to such a duty or which suggest that it might have been breached. Accordingly, in drafting any amended complaint, in addition to satisfying the requirements of § 523(a)(2) and/or (4), the plaintiff should also allege facts that are sufficient to plausibly suggest that the defendant owes the plaintiff money.[2]

Plaintiff's complaint is DISMISSED. Any amended complaint shall be filed within fourteen (14) days of this date. The failure to do so may result in the dismissal of this adversary proceeding without further notice.

SO ORDERED.

---

2. Since fraud is both a basis for non-dischargeability and a separate tort under non-bankruptcy law, if the plaintiff is able to successfully plead fraud under § 523(a)(2), those allegations would probably be sufficient to successfully plead the tort of fraud under Indiana law.